## VAN ZANTE v. UNITED STATES.
### No. 46378.

Court of Claims.

Oct. 1, 1945.

Keith Brewster Van Zante, per se.

William A. Stern II, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

This case is before us on demurrer. Plaintiff in his petition sues for the sum of $7,539.13, pay to which he claims he is entitled as an officer in the United States Naval Reserve.

He alleges that on September 30, 1942, he was ordered to inactive duty in the Naval Reserve, and that later, on January 21, 1943, he was discharged from the United States Naval Reserve by the Secretary of the Navy. He alleges that he contested the discharge and requested trial by court-martial, and continued to request trial by court-martial as often as once in six months, on the ground that he had been wrongfully discharged.

The statutes pertinent to plaintiff's claim are codified in the United States Code as section 853c and section 1200, articles 36 and 37, all of Title 34 of the United States Code Annotated. Section 853c[1] reads as follows:

"Any member of the Naval Reserve * * * may be ordered to active duty by the Secretary of the Navy in time of war or when in the opinion of the President a national emergency exists and may be required to perform active duty throughout the war or until the national emergency ceases to exist; * * * Provided, That the Secretary of the Navy may release any member from active duty either in time of war or in time of peace. * * *"

According to plaintiff's petition, he was released from active duty on September 30, 1942, and placed in an inactive status. The above-mentioned section clearly authorizes such action.

It is clear that persons in the Naval Reserve on an inactive status are not entitled to compensation, except that provided for in section 855l, 34 U.S.C.A.

This section provides in part:

"Officers and enlisted men of the Naval Reserve shall receive compensation at the rate of one-thirtieth of the monthly base pay of their grades, ranks, or ratings, not to exceed $10, for attending, under competent orders, each regular drill duly prescribed under the authority of the Secretary of the Navy, including drills performed on Sunday, for the organization to which attached, or for the performance of an equal amount of such other equivalent instruction or duty, or appropriate duties, as may be prescribed by the Secretary of the Navy: Provided, * * *."

But plaintiff's petition does not show that he is entitled to the compensation provided for in this section, and this is the only compensation to which a member of the Naval Reserve is entitled.

Plaintiff relies upon the provisions of articles 36 and 37 of section 1200, 34 U.S.C.A. Article 36 provides for the dismissal of officers in the naval service by order of the President or by sentence of a general court-martial. Article 37 provides in part as follows:

"When any officer, dismissed by order of the President, makes, in writing, an application for trial, setting forth, under oath that he has been wrongfully dismissed, the President shall, as soon as the necessities of the service may permit, convene a court-martial to try such officer on the charges on which he shall have been dismissed. And if such court-martial shall not be convened within six months from the presentation of such application for trial, or if such court, being convened, shall not award dismissal or death as the punishment of such officer, the order of dismissal by the President shall be void: Provided, * * *."

In the proviso a dismissed officer's right to compensation is limited to six months after dismissal, unless he shall at least once every six months continue to demand a trial, in vain. Plaintiff alleges that his dismissal was wrongful and he did continue to demand a trial once every six months. However, even though plaintiff's petition may bring him within the provisions of articles 36 and 37 of section 1200 of 34 U.S.C.A. of the Code, nevertheless, he has not alleged facts sufficient to show that he is entitled to recover any sum from the United States as compensation for his services, because his petition shows he was

[1] This section is a codification of the Acts of June 25, 1938, c. 690, Title I, sec. 5, 52 Stat. 1176; June 13, 1939, c. 205, sec. 12(d), 53 Stat. 821; June 24, 1941, c. 233, sec. 2, 55 Stat. 261; August 4, 1942, c. 547, sec. 15(b), (d), (e), 56 Stat. 739.

on an inactive status in the Naval Reserve Corps, and such an officer is not entitled to any compensation, as stated above, except that provided for in section 855*l*, and plaintiff has not alleged facts sufficient to show that he is entitled to the compensation therein provided for.

It results that defendant's demurrer must be sustained and plaintiff's petition must be dismissed. It is so ordered.

WHALEY, Chief Justice, and LITTLETON, Judge, concur.

MADDEN and JONES, Judges, took no part in the decision of this case.